# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**ROY ANDERSON CARVER, JR.**                                                  **PETITIONER**

**v.**                                             **CIVIL ACTION NO. 1:17CV-109-GNS**

**JACKIE T. STRODE, JAILER et al.**                                  **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

Petitioner Roy Anderson Carver, Jr. filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1). His petition is currently before this Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Carver also filed an application to proceed *in forma pauperis* (DN 3). On review of the application, the Court finds that Carver makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application to proceed without prepayment of fees (DN 3) is **GRANTED**.

**I.**

According to the petition, Carver is challenging a Warren Circuit Court Division I case, 17-Cr-00274. Carver does not state the date of the judgment in that case. According to the KYeCourts database, https://kcoj.kycourts.net/kyecourts, this criminal case is ongoing, and Carver has not been convicted of the offenses of which he is charged. DN 1-4. Trial is presently scheduled for November 15, 2017.

In his petition, Carver raises three grounds for filing this petition. However, the arguments he is attempting to make are unclear. He makes claims against persons not listed in the caption of the complaint as respondents that appear to be constitutional challenges to the

conditions of his confinement. He also makes claims against other persons also not named as respondents that appear to pertain to his state detention and pending criminal charges. The claims are sparse on facts; they are mostly a listing of various statutory and constitutional provisions.

## II.

A federal court only has jurisdiction to hear a petition filed pursuant to Title 28 U.S.C. Section 2254 where the petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (providing that the court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). "For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be 'in custody pursuant to the judgment of a State court.'" *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001) (quoting 28 U.S.C. § 2254(a)); *see also Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) ("The Supreme Court has also 'interpreted the statutory language as requiring that the habeas petitioner be in custody under the conviction or sentence under attack at the time his petition is filed.'") (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). "Where no judgment has been entered . . . a petition for habeas relief brought under § 2254 is improper." *Self v. Ky., 55th Judicial Circuit*, No. 92-5533, 1992 WL 337473, at *1 (6th Cir. Nov. 13, 1992).

As it is clear that Carver has not yet been convicted of the offenses with which he is charged, this Court is without jurisdiction to grant the § 2254 petition, and it will be dismissed without prejudice. *See* 28 U.S.C. § 2254, *see also* Rule 4 of the Rules Governing Section 2254 Habeas Corpus Cases in the United States District Courts ("If it plainly appears from the petition

and any attached exhibits that petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."); *Reber v. Steele*, 570 F.3d 1206, 1209-10 (10th Cir. 2009) (remanding the case to the district court with instructions to dismiss the § 2254 petition since the petition had been filed prior to the issuance of a final judgment); *Prince v. Bailey*, 464 F.2d 544, 544-45 (5th Cir. 1972) (vacating the order of the district court and remanding with instructions to dismiss for want of jurisdiction without prejudice since the § 2254 petition was filed at a time when the petitioner was not in custody of the state authorities pursuant to the judgment of a state court); *Henry v. Davis*, No. 10-CV-5172 (KAM), 2011 WL 319935, at *1-2 (E.D.N.Y. Jan 26, 2011) (dismissing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 as premature where there was no indication the petitioner has been convicted of the offense with which he was charged or that he has exhausted his state court remedies).

Although this Court liberally construes *pro se* filings such as Carver's and has the ability to construe a pretrial habeas petition filed under § 2254 as being brought under 28 U.S.C. § 2241, *Fisher v. Rose*, 757 F.2d 789, 792 n.2 (6th Cir. 1985), the Court will not do so in this instance since it is unclear what type of action Carver seeks to file. However, in the event Carver decides to file a new action, the **Clerk of Court** is **DIRECTED** to send Carver forms for filing an action brought under 28 U.S.C. § 2241 and 42 U.S.C. § 1983.

### Certificate of Appealability

Before Carver may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a

certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. In such a case, no appeal is warranted. *Id*.

The Court is satisfied in the instant case that no jurists of reason could find its rulings to be debatable. A certificate of appealability must, therefore, be denied.

The Court will enter an Order consistent with this Memorandum Opinion and Order.

Date: July 17, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Petitioner, *pro se*
Respondents
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4416.003

4